

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, 7th floor*          *973-645-2700*
*Newark, New Jersey 07102*

May 2, 2025

Riza I Dagli, Esq.
Brach Eichlier LLC
101 Eisenhower Parkway
Roseland, New Jersey 07068

Re:    Plea Agreement with Abdul Qadir
       Δ5-CR-00493-001(RMB)

Dear Mr. Dagli:

This letter sets forth the plea agreement between your client, Abdul Qadir ("Qadir"), and the United States Department of Justice, Criminal Division, Fraud Section and the U.S. Attorney's Office for the District of New Jersey (collectively, "this Office"). This offer will expire on May 9, 2025, if it is not accepted in writing by that date. If Qadir does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

## Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Qadir to a one-count Information charging him with conspiracy to unlawfully distribute controlled substances, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), in violation of 21 U.S.C. § 846. If Qadir enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Qadir related to his prescribing of controlled substances from January 2019 to July 2024 or the conduct referenced in Schedule A to this agreement.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Qadir even if the applicable statute of limitations period for those charges expires after Qadir signs this agreement, and Qadir agrees not to assert that any such charges are time-barred.

## Sentencing

The violation of 21 U.S.C. § 846 to which Qadir agrees to plead guilty carries a statutory maximum prison sentence of 20 years' imprisonment and a statutory maximum fine of $1,000,000. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Qadir is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551–3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Qadir ultimately will receive.

Further, in addition to imposing any other penalty on Qadir, the sentencing judge as part of the sentence:

(1)     will order Qadir to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)     may order Qadir to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3)     may order Qadir, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of the offense;

(4)     must order forfeiture, pursuant to 28 U.S.C. § 2461 and 21 U.S.C. § 853;

(5)     may deny Qadir certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and

(6)     pursuant to 21 U.S.C. 841, must require Qadir to serve a term of supervised release of at least 3 years, which will begin at the expiration of any term of imprisonment imposed. If Qadir has a prior conviction, the sentencing judge must impose a term of supervised release of at least 6 years in addition to any term of imprisonment imposed. Should Qadir be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Qadir may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

- 2 -

## Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, Qadir agrees to pay full restitution to the victims of the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense in an amount that fully compensates the victims for the losses sustained as a result of those offenses.

## Forfeiture

As part of Qadir's acceptance of responsibility and pursuant to 21 U.S.C. § 853, Qadir agrees to forfeit to the United States any and all property constituting or derived from any proceeds Qadir obtained, directly or indirectly, as the result of the violation charged in the Information, and all of Qadir's right, title, and interest in any property that was used or intended to be used, in any manner or part, to commit, and to facilitate the commission of, the violation charged in the Information.

Qadir further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; entitling the United States to forfeit substitute assets equal to the value of the proceeds obtained by Qadir (the "Money Judgment"). Qadir consents to the entry of an order requiring Qadir to pay the Money Judgment and agrees that such Order will be final as to Qadir prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Any forfeited money and the net proceeds from the sale of forfeited specific property will be applied to the Money Judgment, in partial satisfaction thereof.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating Qadir's full name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. Qadir further agrees that the United States Attorney's Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Qadir waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), Qadir consents to the entry of an order of forfeiture that, in the Office's discretion, may be final as to Qadir prior to the sentencing. Qadir understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the

sentence that may be imposed in this case and waives any failure by the court to advise Qadir of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Qadir further understands that Qadir has no right to demand that any forfeiture of Qadir's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon Qadir in addition to forfeiture.

Qadir further agrees that, not later than the date Qadir enters the guilty plea, Qadir will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Qadir fails to do so, or if this Office determines that Qadir has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Qadir by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Qadir's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Qadir will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

- 4 -

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Use of Statements

Qadir waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence. Any statements made by Qadir in any proceeding under Rule 11 of the Federal Rules of Criminal Procedure and the Statement of Facts set forth in Schedule A will be admissible against Qadir without limitation in any civil or criminal proceeding.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Qadir waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

## Immigration Consequences

Qadir understands that, if Qadir is not a citizen of the United States, Qadir's guilty plea to the charged offense will likely result in Qadir being subject to immigration proceedings and removed from the United States by making Qadir deportable, excludable, or inadmissible, or ending Qadir's naturalization. Qadir understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Qadir wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Qadir's removal from the United States. Qadir understands that Qadir is bound by this guilty plea regardless of any immigration consequences. Accordingly, Qadir waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Qadir also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Other Provisions

This agreement is limited to this Office and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Qadir. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Qadir from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the entire plea agreement between Qadir and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney
District of New Jersey

GLENN S. LEON
Chief
Criminal Division, Fraud Section
U.S. Department of Justice

By:     Nicholas K. Peone
        Paul J. Koob
        Trial Attorneys
        Criminal Division, Fraud Section
        U.S. Department of Justice

APPROVED:

/s/ Thomas Tynan
Thomas Tynan
Assistant Chief
Criminal Division, Fraud Section
U.S. Department of Justice

- 6 -

I have received this letter from my attorney, Riza I. Dagli, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____                    Date:   5/9/25
Abdul Qadir, M.D.


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____                    Date: 5/9/25
Riza I. Dagli, Esq.
Counsel for Defendant

- 7 -

Plea Agreement with Adbul Qadir

Schedule A

1.    This Office and Abdul Qadir ("Qadir") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.    The version of the Guidelines effective November 1, 2023, applies in this case.

3.    Beginning at least in or around November 2020, and continuing through in or around July 2024, in Atlantic County, in the District of New Jersey and elsewhere, Qadir did knowingly and intentionally conspire and agree with others to distribute and dispense, outside the usual course of professional practice and not for a legitimate medical purpose, mixtures and substances containing detectable amounts of Schedule II through Schedule IV controlled substances, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), in violation of 21 U.S.C. § 846.

4.    The applicable guideline is U.S.S.G. § 2D1.1(a)(5) and (c)(7) because the offense involved a converted drug weight of at least 400 kilograms but less than 700 kilograms. This guideline carries a Base Offense Level of 26.

5.    The base offense level is increased by 2 levels because Qadir abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission of the offense. *See* U.S.S.G. § 3B1.3.

6.    As of the date of this letter, Qadir has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Qadir's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Qadir enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Qadir's acceptance of responsibility has continued through the date of sentencing and Qadir therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Qadir's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

7.    If Qadir establishes at sentencing that he both has no criminal history points and meets the criteria in U.S.S.G. § 4C1.1, he will be entitled to a further 2-level reduction in his offense level.

8.    Whether Qadir satisfies the criteria prescribed by U.S.S.G. § 5C1.2(a)(1) is yet to be determined.

- 8 -

9.      Within the meaning of U.S.S.G. § 5C1.2(a)(2), Qadir did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense.

10.     Within the meaning of U.S.S.G. § 5C1.2(a)(3), the offense did not result in death or serious bodily injury to any person.

11.     Whether, within the meaning of U.S.S.G. § 5C1.2(a)(4), Qadir was an organizer, leader, manager, or supervisor of others in the offense, is yet to be determined.

12.     Whether, within the meaning of U.S.S.G. § 5C1.2(a)(5), Qadir has truthfully provided to the Government, no later than the time of the sentencing hearing, all information and evidence he has concerning the offense or offenses that were part of the same course of conduct or a common scheme or plan, is yet to be determined.

13.     Pursuant to U.S.S.G. § 2D1.1(b)(18), if the Court finds that Qadir satisfies all the criteria prescribed by U.S.S.G. § 5C1.2(a)(1)–(5), a two-level downward adjustment would apply.

14.     Accordingly, the parties agree that, depending upon the sentencing Court's resolution of the open Guidelines issues noted above, the total Guidelines offense level (the "Total Offense Level") applicable to Qadir is:

        a.      25, if the Court finds that Qadir does *not* meet the criteria prescribed by U.S.S.G. § 5C1.2(a)(1)–(5) and does *not* meet the criteria described in U.S.S.G. § 4C1.1;

        b.      23, if the Court finds that Qadir meets the criteria described in U.S.S.G. § 4C1.1 but that he does *not* meet the criteria prescribed by U.S.S.G. § 5C1.2(a)(1)–(5);

        c.      21, if the Court finds that Qadir meets the criteria prescribed by U.S.S.G. § 5C1.2(a)(1)–(5) and the criteria described in U.S.S.G. § 4C1.1.

15.     Each party agrees not to advocate for any term of imprisonment outside the Guidelines range resulting from (a) the Total Offense Level that applies after the sentencing judge resolves the open Guidelines issues noted above and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. However, each party may seek a variance from that Guidelines range, which the other party may oppose.

16.     If the term of imprisonment does not exceed 71 months, and except as specified in the next paragraph below, Qadir will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any

reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 37 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

17.    Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    (a)    Any proceeding to revoke the term of supervised release.

    (b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    (c)    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).